UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| IN RE: | |
| AR TEXTILES, LTD., | CASE NO. 21-01441-5-DMW |
| | CHAPTER 11 |
| DEBTOR. | |

### APPLICATION FOR ENTRY OF FINAL DECREE

**NOW COMES** the Debtor AR TEXTILES, LTD. (the "Debtor"), by and through its undersigned counsel of record, and pursuant to the Order Confirming First Amended Plan of Reorganization [D.E. 248] and applicable provisions of the Bankruptcy Code, hereby requests entry of the Final Decree, closing the above-captioned chapter 11 bankruptcy proceeding, and in support hereof, shows unto the Court as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and it is core proceeding pursuant to 28 U.S.C. § 157(b)(2) and, likewise, possesses the requisite authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and it is core proceeding pursuant to 28 U.S.C. § 157(b)(2) and, likewise, possesses the requisite authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984.

3. The Debtor, a corporation formed and existing under the laws of the State of Delaware, owned and operated a domestic and international textile and cotton yarn production, manufacturing and distribution facility in eastern North Carolina, filed a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code on June 28, 2021 (the "Petition Date"), BK Case No. 21-01441-5-DMW (the "Bankruptcy Case").

4. On August 31, 2022, and in the Bankruptcy Case, the Court entered the Order Confirming First Amended Plan of Reorganization [D.E. 248] (the "Confirmation Order"), which confirmed and approved the First Amended Plan of Reorganization [D.E. 158], as amended and modified (the "Plan").

5. The Confirmed Plan, in accordance with its terms and provisions, has been "substantially consummated," as defined in § 1101(2) of the Bankruptcy Code. There has been an assumption and continuation by the Debtor under the Confirmed Plan the business operations or of the management of all or substantially all of the property that was dealt with, and addressed in, the Confirmed Plan. All of the payments required under the Confirmed Plan have been paid and/or will be paid in accordance with the terms thereof.

6. The Debtor has made payments and distributions to each of the classes set forth in the Confirmed Plan, including completing all requisite payments to Classes 2, 3, 5, 6, 7, 8, 9, and 10.

7. The following matters are pending before, and awaiting a determination from this Court, in the Bankruptcy Case and/or the associated adversary proceeding filed by the Debtor and captioned, *AR Textiles, Ltd. v. The Cincinnati Insurance Company, et*

*al.*, AP No. 21-00110-5-DMW (the "Adversary Proceeding"):

    a. The Motion for Approval of Settlement and Compromise with Martin County Tax Collector [D.E. 303] (the "Martin County Settlement Motion"), seeking approval of the settlement and compromise reached between the Debtor and Martin County Tax Collector with respect to the dispute and issues raised in the Motion for Motion for Determination of Property Tax Liability [D.E. 267] (the "Tax Liability Motion") with respect to the *ad valorem* real property and business personal property taxes assessed, charged, and paid for the tax years ending December 31, 2021 (the "2021 Tax Year") and December 31, 2022 (the "2022 Tax Year").

    b. The Motion for Approval of Settlement and Compromise with John Hackney Agency, Inc. [AP D.E. 99] (the "JHA Settlement Motion") in the Adversary Proceeding, seeking approval of the settlement and compromise reached with JOHN HACKNEY AGENCY, INC. ("JHA") (collectively, the "JHA Settlement").[1]

8. The Confirmed Plan has been substantially consummated in accordance with § 1101(2) of the Bankruptcy Code.

9. Administrative expense claims, including those owed to Buckmiller, Boyette & Frost, PLLC, and set forth in Class 1 of the Confirmed Plan, are being paid in accordance with the agreement and understanding reached between the Debtor and Buckmiller, Boyette & Frost, PLLC.

10. All quarterly fees assessed by the Judicial Conference of the United States pursuant to 28 U.S.C. §1930(a)(7) have been paid by the Debtor.

11. The Final Report [D.E. 308] required pursuant to the Confirmation Order, has been filed in the Bankruptcy Case, and is incorporated herein by reference.

---

[1] Upon approval of the JHA Settlement Motion, the Adversary Proceeding will be voluntarily dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41

**WHEREFORE,** and for the reasons set forth herein, including the Final Report previously filed in the Bankruptcy Case, the Debtor requests entry of the Final Decree and such further relief as the Court deems necessary and proper.

Respectfully submitted this, the 30th day of March, 2023.

**BUCKMILLER, BOYETTE & FROST, PLLC**

BY:  s/Joseph Z. Frost

JOSEPH Z. FROST, NCSB No. 44387
jfrost@stubbsperdue.com
4700 Six Forks Road, Suite 150
Raleigh, North Carolina 27609
T: 919-296-5040
F: 919-977-7101

Counsel for Debtor AR Textiles, Ltd.